IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHERECIA WILLIS, Individually, *
and C.W., a Minor Child, by and *
Through James S. Murray, *
Guardian Ad Litem, *
 *
Plaintiffs, *
 *
v. * CV 117-015
 *
UNITED STATES OF AMERICA; *
VENKATESAN GORANTLA, M.D.; *
AUGUSTA HOSPITAL, LLC d/b/a *
TRINITY HOSPITAL OF AUGUSTA; *
and AUGUSTA PHYSICIAN *
SERVICES, LLC, *
 *
Defendants. *

**O R D E R**

Before the Court is Plaintiffs' Verified Petition to Approve Settlement as to Defendants Augusta Hospital, Augusta Physician[] Services, and Venkatesan Gorantla,[1] Attorney-Client Contract, and Disbursement of Settlement Funds, and Motion to Seal Court Files.[2] (Doc. 222.) Because Plaintiff C.W. is a minor, the Court must approve the settlement agreement and payment of counsel fees and

---

[1] The Court refers to the three moving defendants as "Augusta Defendants."
[2] Although the current settlement is between Plaintiffs and Augusta Defendants only, "[c]ounsel for all Defendants have authorized Plaintiffs to represent to this Court that they do not oppose the instant motion." (Mot. to Seal & Approve Settlement, Doc. 222, ¶ 4.) Plaintiffs and Defendant United States also "notif[ied] the Court that a compromise settlement agreement in principle has been reached, contingent upon approval from the requisite Department of Justice official." (Nov. 15, 2019 Notice, Doc. 223; see also Mot. to Seal & Approve Settlement, ¶ 4.)

other expenses out of the settlement fund. LR 17.1, SDGa. For the following reasons, the Court **DENIES** Plaintiffs' motion as to their request to seal and **DENIES WITHOUT PREJUDICE** Plaintiffs' motion as to their request to approve the settlement agreement.

## I. DISCUSSION

Plaintiffs request that the Court "permanently seal the Attorney-Client Contract, Settlement Agreement, Settlement Disbursement Statement, and the terms of the Structured Settlement" (collectively, "Settlement Documents").[3] (Mot. to Seal & Approve Settlement, ¶ 10 (emphasis omitted).) Plaintiffs move to seal these documents because: (1) "There is an inherent expectation of privacy with regard to the terms and conditions of settlements reached between private parties to civil lawsuits"; (2) "[A]s an express condition of the settlement, the parties agreed that the amount of the settlement will remain confidential from disclosure"; and (3) "[T]he harm to the privacy rights of a

---

[3] Elsewhere in the motion, Plaintiffs request that the Court seal "Exhibits A through F." (Mot. to Seal & Approve Settlement, at 6.) The Court notes that Exhibit A is the Court's public October 8, 2019 Order appointing James S. Murray as C.W.'s guardian ad litem. (Order, Doc. 221.) The Court finds no reason to seal this already public document and assumes Plaintiffs' motion to seal does not pertain to Exhibit A. Furthermore, Exhibits E and F offer no information in addition to what is in the motion; they are letters from the Georgia Department of Community Health and U.S. Department of Veterans Affairs, respectively, showing that neither department provided Plaintiff C.W. medical assistance. (Cf. Mot. to Seal & Approve Settlement, ¶¶ 9, 9 (consecutive paragraphs numbered "9").) The Court finds no reason to seal Exhibits E and F. If refiled, however, any use of C.W.'s name should be redacted and replaced with C.W.'s initials as required by Federal Rule of Civil Procedure 5.2(a). The Court focuses its remaining analysis on whether it is proper to seal Exhibits B through D, the Settlement Documents.

2

minor clearly and unequivocally outweighs any perceived public interest." (Id.)

## A. Expectation of Privacy

As to Plaintiffs' first argument, it is true that, generally, settlement agreements are private. Because the Court must review the Settlement Documents, however, they are judicial records. Webb v. CVS Caremark Corp., No. 5:11-CV-106 (CAR), 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011); see also Jessup v. Luther, 277 F.3d 926, 929-30 (7th Cir. 2002); Keemar v. Avco Corp., No. 6:06-cv-448-Orl-22DAB, 2007 WL 2696571, at *2 (M.D. Fla. Sept. 11, 2007) ("By filing the suit, the matter became this [c]ourt's business, and this [c]ourt conducts business publically. Having chosen to pursue a claim in a public court, [the] [p]laintiff must take the burdens of such forum, as well as its benefits.").

"There is a common-law presumption that judicial records are public documents." Hesed El v. Poff, No. CV 118-079, 2018 WL 4688720, at *1 (S.D. Ga. Sept. 29, 2018) (citation omitted); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). Consequently, the Settlement Documents are subject to the presumption of public access. As such, Plaintiffs' argument that the Settlement Documents should be sealed simply because they are part of a private settlement agreement is unpersuasive.

3

## B. Confidentiality Agreement

Plaintiffs' second argument is likewise unconvincing. Neither the confidentiality clause in the Settlement Agreement nor the fact that Plaintiffs and Augusta Defendants agreed that the Settlement Documents should be sealed is a compelling reason to grant the motion. See Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement agreement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); Eigenberer v. Tokyo Statesboro GA, LLC, No. CV617-160, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018) ("[T]he [c]ourt needs far more than the parties' agreement that the settlement agreement should be sealed."); see also Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 835 (7th Cir. 2013).

## C. C.W.'s Privacy Interests

Plaintiffs' third argument is the only reason appropriately raised for sealing the Settlement Documents. The "presumption that criminal and civil actions should be conducted publicly" "is instrumental in securing the integrity of the process." Chicago Tribune, 263 F.3d at 1311. The presumption, however, "may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in

4

keeping the information confidential.'" Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting Chicago Tribune, 263 F.3d at 1309). "Whether good cause exists is decided by the nature and character of the information in question." Id. (quoting Chicago Tribune, 263 F.3d at 1315).

In some cases "involving . . . 'the privacy of children,' . . . the interest in secrecy is compelling." Eigenberger, 2018 WL 2065942, at *2 (quoting Jessup, 277 F.3d at 928); see also Clark v. Bamberger, No. 1:12CV1122-MHT (WO), 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016) (Protecting a minor's privacy is "undoubtedly an important concern."). To weigh in favor of keeping information about minors secret, the information generally must be more than the amount of money received in a settlement. See Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 n.4 (11th Cir. 1985) (per curiam). For example, a minor's interest in privacy is more compelling when the documents would "expose confidential educational, medical, or mental-health information." Clark, 2016 WL 1183180, at *3. In one case, the Eastern District of North Carolina found that the settlement amount implied sensitive information about the minors, which, in part, warranted sealing the settlement agreement. Mears v. Atl. Se. Airlines, Inc., No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014). Specifically, the court stated that the amount of the

5

settlement implied:

> [T]he relative severity and expected duration of each minor's emotional and mental injuries (or lack thereof) in comparison to the other family members, and therefore may expose the minors to potential public ridicule and embarrassment in the community and could later make it more difficult for them to obtain employment.

Id. The court in Mears also found that the settlement itself contained "highly sensitive medical information" and noted that a previously filed complaint contained the minors' full names. Id. But cf. Clark, 2016 WL 1183180, at *3 (finding the "financial information in the settlement would expose nothing about the children other than the amount of money they were to receive" and that the case was settled and stating that the parties "do not explain or offer any evidence showing *how* [disclosing the settlement] could cause injury, or what type of injury they fear – physical emotional, or other.").

Is it also relevant that Federal Rule of Civil Procedure 5.2 offers minors in federal court a barrier of protection by requiring use of minors' initials in all public documents. "Going beyond this level of protection, courts have sealed proceedings and documents, including settlements, in litigation that exposes sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment." Clark, 2016 WL 1183180, at *2.

6

Plaintiffs — who are required to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection" — fail to point to anything within the Settlement Documents showing potential injury to C.W. <u>Thomas v. Houston Healthcare Sys. Inc.</u>, No. 5:17-cv-386(MTT), 2019 WL 5850547, at *2 (M.D. Ga. May 24, 2019) ("[C]onclusory assertions of possible harm . . . do not show good cause."). On its own, the Court examined the documents and found the only information concerning C.W. relates to the settlement amount. Unlike in <u>Mead</u>, the Settlement Agreement contains no sensitive medical information nor has the minor's full name been revealed. Of note, the extensive public docket in this case is replete with sensitive information regarding C.W., including numerous expert reports, which no party has sought to seal. The Court fails to see how, in this case, the settlement amount alone reveals such sensitive information about C.W. that it overcomes the public's right of access.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion as to their request to seal and **DENIES WITHOUT PREJUDICE** Plaintiffs' motion as to their request to approve the settlement agreement. (Doc. 222.) Plaintiffs and Augusta Defendants may move forward with settlement by filing on the public docket a

7

motion for approval of the Settlement Agreement with unredacted Exhibits A through F attached.[4] Should Plaintiffs and Augusta Defendants wish to withdraw from the Settlement Agreement as a consequence of this decision, they shall file a joint statement to that effect.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of December, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Parties may redact the documents as necessary to comply with Federal Rule of Civil Procedure 5.2(a).