**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **Sherecia Willis, Individually and as Next Friend, Parent, and Natural Guardian of Minor Child, CW,**<br><br>**Plaintiffs,**<br><br>**v.**<br>**United States of America,**<br>**First Defendant,**<br><br>**Venkatesan Gorantla, M.D.,**<br>**Second Defendant,**<br><br>**Augusta Hospital LLC (DE) d/b/a Trinity Hospital of Augusta,**<br>**Third Defendant,**<br><br>**Augusta Physician Services, LLC,**<br>**Fourth Defendant,**<br><br>**Defendants.** | **Civil File No. 1:17-cv-00015** |

<u>**VERIFIED PETITION TO APPROVE SETTLEMENT AS TO DEFENDANTS AUGUSTA HOSPITAL, AUGUSTA PHYSICIANS SERVICES, AND VENKATESAN GORANTLA, ATTORNEY-CLIENT CONTRACT, AND DISBURSEMENT OF SETTLEMENT FUNDS**</u>

Come now CW, a minor child, by and through his next friend and natural guardian, SHERECIA WILLIS and his court-appointed guardian ad litem, JAMES S. MURRAY, and pursuant to Local Rule 17.1, file this Petition to Approve Settlement and Motion to Seal Court Files, showing the Court as follows:

1.

This is a case where Plaintiffs alleged professional negligence arising out of the medical care and treatment rendered by Defendants, UNITED STATES OF AMERICA, VENKATESAN GORANTLA, AUGUSTA HOSPITAL, and AUGUSTA PHYSICIAN SERVICES to Sherecia

Willis and CW, a minor, on or about January 26 through February 1, 2016. A civil action was filed by Sherecia Willis, individually and as next friend, parent, and natural guardian of minor seeking general damages for his pain and suffering from the date of injury through life expectancy, and for special damages for medical and other expenses he will incur from the age of majority through his life expectancy. The lawsuit was also filed by Sherecia Willis, individually, seeking special damages for medical and other expenses incurred, and to be incurred, by or on behalf of CW from the date of the injury until CW attains age of majority, and for general damages to compensate them for loss of the services of their son.

2.

The above-captioned civil action was vigorously contested as all Defendants denied liability, causation, and extent of damages. In prosecuting the case, the parties engaged in thorough discovery including depositions of numerous physicians and nurses and both parties' submitting expert reports from multiple experts in obstetrics, neonatology, neurology, neuroradiology, placental pathology, nursing, life-care planning, and economics.

3.

After nearly two years of litigation, Plaintiffs and Defendants Venkatesan Gorantla, Augusta Hospital, and Augusta Physician Services (the "Augusta Defendants"), have reached a *confidential* agreement to settle Plaintiffs' claims against the Augusta Defendants, subject to Court approval.

4.

Plaintiffs intend to file a separate petition regarding settlement with Defendant United States. Counsel for all Defendants have authorized Plaintiffs to represent to this Court that they do not oppose the instant motion.

5.

Plaintiffs and the Augusta Defendants believe the proposed settlement is a fair, reasonable, and just compromise because the facts and circumstances surrounding the incident have been fully investigated. Even though this compromise and settlement is fair, just, reasonable, and in the best interest of Plaintiffs given the substantial risk involved with facing a jury trial, Plaintiffs significantly compromised in order to reach this settlement and, as a result, were not made whole or completely compensated by this settlement for all economic and noneconomic losses they have suffered and will continue to suffer.

6.

On October 8, 2019, the United States District Court for the Southern District of Georgia appointed James S. Murray as Guardian Ad Litem of CW. As such, James S. Murray is authorized to present this Motion to release CW's claim against the Augusta Defendants. (Doc. 221.) (Attached hereto as Exhibit A is a true and correct copy of the Court's order appointing James S. Murray Guardian Ad Litem of CW.) Upon information and belief, because no funds are being held on behalf of a minor, no conservator is needed, and, because the case was settled as part of this Court's mediation process, no approval by the probate court is necessary.

7.

Sherecia Willis, individually and as natural guardian of CW, a minor, and James S. Murray, as Guardian Ad Litem entered into an attorney-client contract with Chuck R. Pardue of Pardue & Associates, P.C.;  Nelson O. Tyrone, III of Tyrone Law Firm; and Leighton Moore of The Moore Law Firm, P.C., to represent them and pursue claims against the alleged negligent parties in connection with injuries sustained by CW and their damages arising from those injuries.

8.

In support of this Motion, Plaintiffs hereby file it with the following documents for the public record:

a.  Order Appointing Guardian Ad Litem (copy) (attached as Exhibit A);

b.  Attorney-Client Contract (copy) (attached as Exhibit B);

c.  Draft Settlement and Release Agreement (copy) (attached as Exhibit C);

d.  Settlement Disbursement Statement (attached as Exhibit D);

e.  Letter from Georgia Department of Community Health (copy) (attached as Exhibit E); and

f.   Letter from U.S. Department of Veterans Affairs, Veterans Health Administration (copy) (attached as Exhibit F).

9.

The Settlement Disbursement Statement (attached hereto as Exhibit D) proposes the distribution of net settlement funds and provides the dollar amounts of the same. The net settlement (i.e., the settlement amount, less attorney's fees, litigation expenses, and funds held for additional expenses) shall be paid to clients as follows: 10% shall be paid to Sherecia Willis and Derrique Newsome; and 90% shall be paid to a special needs trust.

10.

Plaintiffs show that CW received no medical assistance through the Georgia Department of Community Health and that the Health Department is not claiming a right of reimbursement. (A true and correct copy of correspondence received by counsel for the Plaintiffs from the Health Department dated September 6, 2019 is attached hereto as Exhibit E.)

11.

Plaintiffs show that while CW did receive medical assistance through the U.S. Department of Veterans Affairs, Veterans Health Administration via CHAMPS VA, the VHA has confirmed that it has not posted any paid claims and has no outstanding lien against CW regarding his injuries. (A true and correct copy of correspondence received by counsel for Plaintiffs dated September 4, 2019 is attached hereto as Exhibit F.)

WHEREFORE, the Plaintiffs represent to this Court that this settlement is reasonable and is in the best interest of all parties involved and because the claim involves a minor, Plaintiffs respectfully request in accordance with Local Rule 17.1 that this Court issue an Order to (1) approve this settlement between Plaintiffs and the Augusta Defendants; (2) approve the Attorney-Client Contract; and (3) approve the disbursement of settlement funds as specified in the Settlement Disbursement Statement.

Respectfully submitted this 10th day of January 2020.

Respectfully submitted,

*/s/ Daniel J. Conner, Jr.*
Nelson O. Tyrone, III
Georgia Bar No. 721189
(admitted Pro Hac Vice)
Daniel J. Conner Jr.
Georgia Bar No. 940568

TYRONE LAW FIRM
1201 Peachtree St., NE
400 Colony Square, Suite 2000
Atlanta, GA 30361
404.377.0017

Leighton Moore
THE MOORE LAW FIRM, PC
100 Peachtree St. Suite 2600
Atlanta, GA 30303
678.237.0330

Charles Pardue
PARDUE AND ASSOCIATES, P.C.
211 B. Bobby Jones Expressway
Martinez, GA 30907
706.823.2000

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer of this State, duly authorized by law to administer oaths, **DANIEL J. CONNER, JR.,** who after being duly sworn according to the law deposes and says under oath:

I have read and prepared the foregoing Verified Petition to Approve Settlement and know the contents thereof; the same is true of my knowledge, except as to those matters that are therein stated upon information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct to the best of my knowledge.

Sworn to and subscribed before me

This __10__ day of __January__ 2020.

_____   1/10/2020
Daniel J. Conner Jr.        Date

_____
Notary Public
My Commission Expires: __3-3-20__

MEGAN E. WEST
NOTARY
EXPIRES
GEORGIA
03-03-2020
PUBLIC
GWINNETT COUNTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **Sherecia Willis, Individually and as Next Friend, Parent, and Natural Guardian of Minor Child, CW,** | |
| **Plaintiffs,** | |
| **v.** | |
| **United States of America, First Defendant,** | **Civil File No. 1:17-cv-00015** |
| **Venkatesan Gorantla, M.D., Second Defendant,** | |
| **Augusta Hospital LLC (DE) d/b/a Trinity Hospital of Augusta, Third Defendant,** | |
| **Augusta Physician Services, LLC, Fourth Defendant,** | |
| **Defendants.** | |

## <u>CERTICATE OF SERVICE</u>

Plaintiff hereby certifies that the undersigned has this day served the foregoing Petition to

Approve Settlement upon all parties of record via email as addressed as follows:

Shannon Statkus, Esq.          James Painter, Esq.
Jason Blanchard, Esq.          F. Michael Taylor, Esq.
Assistant US Attorney          Andrew Murdison
SOUTHERN DISTRICT OF GA          BRENNAN, WASDEN & PAINTER, LLC
P.O. Box 2017          801 Broad Street, Suite 501
Augusta, GA 30903          Augusta, GA 30901

This 10th day of January 2020.

Respectfully submitted,

*/s/ Daniel J. Conner, Jr.*
Nelson O. Tyrone, III
Georgia Bar No. 721189
(admitted Pro Hac Vice)

TYRONE LAW FIRM
1201 Peachtree St., N.E., Suite 2000
Atlanta, GA 30361

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHERECIA WILLIS, Individually      *
and as Next Friend, Parent and     *
Natural Guardian of Minor       *
Child, CW,                             *
                                  *
     Plaintiff,                  *
                                  *
       v.                      *        CV 117-015
                                  *
UNITED STATES OF AMERICA, et     *
al.,                               *
                                  *
     Defendants.            *

**O R D E R**

Before the Court is Plaintiff Sherecia Willis's, as next friend, parent, and natural guardian of minor child C.W., Motion to File Petition for Guardian Ad Litem with the Petition attached.[1] (Mot. to File Pet., Doc. 195; Pet., Doc. 195-1.) Through the Petition, Ms. Willis asks the Court to appoint Attorney James S. Murray as guardian ad litem for her child, C.W., pursuant to Federal Rule of Civil Procedure 17(c).[2] Ms. Willis brought this action individually and as C.W.'s representative. Defendants

---

[1] Plaintiff also filed a motion for a status update on the motion (Doc. 220), which the Court **GRANTS** and addresses through the following Order.

[2] According to the Petition, Attorney Murray "is willing to serve as guardian ad litem of [C.W.] and is fully competent to understand and protect the rights of the minor and has no interest adverse to that of the minor." (Pet. ¶ 5; see also Consent to Appointment, Doc. 195-2, at 3.)

EXHIBIT A

declined to respond to the Petition; thus, the Court deems the Petition unopposed. See LR 7.5, SDGa.

Rule 17(c)(2) provides, in part: "The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor . . . who is unrepresented in an action." The rule only applies when the minor is unrepresented. Baloco v. Drummond Co., 767 F.3d 1229, 1241 n.16 (11th Cir. 2014). A parent may properly represent his or her child. See Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) (finding minor represented by mother); Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980) (stating the minor was represented when "the child's legal guardian, his mother, brought th[e] action on his behalf").

Currently, C.W. is represented by his mother, Ms. Willis.[3] The Court need not interfere with this representation absent a conflict of interest. See Burke, 252 F.3d at 1264. As stated by the Eleventh Circuit:

> [U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed. . . . Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest. . . . Where it is evident that a conflict of interest exists between the parent and minor, however, the district court has a duty to determine whether a guardian ad litem is needed." See In re Chicago, Rock Island & Pac. R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986) ("If there was some reason to think that the infant's mother would not represent the

---

[3] The Petition fails to include enough facts for the Court to determine otherwise.

2

> infant's interests adequately, the district court would, we may assume, be required (and certainly would be empowered) to appoint a guardian ad litem to represent the infant.").

Id. (some internal citations omitted).

Given the settlement of this case (see Doc. 219) and Ms. Willis's Petition, there is reason to question whether Ms. Willis is able to adequately represent C.W.'s interests. In addition, the Petition is unopposed and Ms. Willis, C.W.'s current representative, consents to the appointment.[4] (See Consent to Appointment, at 2.) Upon due consideration and based upon the foregoing, the Court **GRANTS** the Motion to File Petition for Guardian Ad Litem (Doc. 195) and the attached Petition and **APPOINTS** James S. Murray as guardian ad litem for C.W. in this matter.

**ORDER ENTERED** at Augusta, Georgia, this _8th_ day of October, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] C.W.'s father, Derrique Newsome, also consents to the appointment. (Consent to Appointment, at 2.)

3

Law Offices

# Pardue & Associates, P.C.

211 Bobby Jones Expressway, Suite A
Martinez, Georgia 30907

Chuck R. Pardue                                                    Shellana J. Welch
E-Mail: chuckpardue@gmail.com                    Email: Shellana.welch@gmail.com
Telephone : (706) 823-2000                            Facsimile: (706)722-0149

I the undersigned, _Sherecia Willis_____, employ and engage you to represent me in connection with any and all claims, which I may have against persons arising out of _medical malpractice of my child,_ ████████████

C.W.

For such professional services, I hereby agree to pay you twenty (20%) percent of the gross amount you recover for me or on my behalf (which terms shall include the fair market value of any property which may be recovered), provided the case settles without a lawsuit being filed. If a lawsuit is filed the attorney's fees will be twenty-five (25%) percent of the gross amount recovered. In the event of an appeal, the fee will be increased by an amount to be agreed upon at that time. It is understood that I will cooperate with you fully in the prosecution of my case.

It is understood that any payment to you for such Attorney's fees is entirely contingent upon your making a recovery for me on my behalf of money or property.

All reasonable expenses incurred by the attorney in the handling of this shall be paid and reimbursed out of the client's part of any settlement or recovery. The expenses to be reimbursed are such expenses that be necessary to process the client's claim including, without limitation, court costs, consultant fees, postage, travel, and parking expenses. The amounts advance by attorneys to pay reimbursable expenses as set forth above shall be paid by the client within thirty (30) days of when billed or if attorney advances said costs, will bear interest rate of the Bank Rate Monitor National Index for personal loans effective on the date of the initial advance.

Attorney may, at his sole discretion and expense, associate any other attorney for representation of the client.

You are authorized to fully investigate my claim and should you file suit or other legal proceedings on my behalf, to fully prepare for and prosecute that same. If after reasonable investigation of such upon notification to me of such fact, you may withdraw from representation under this agreement.

I further agree that from the proceed of any such recovery whether by settlement, judgment, or otherwise, you may deduct the attorney's fees to which you are entitled, and all the costs and expenses which remain unpaid, and I further agree that you may deduct the amount of all unpaid bills for doctor's hospitals, and related items, making disbursements of such funds directly to them.

Signed and sealed the __1st__ day of __March__ 20 _16_

_____          _____
Witness                                                         Client

# EXHIBIT B

Law Offices

# Pardue & Associates, P.C.

### 211 Bobby Jones Expressway, Suite A
### Martinez, Georgia 30907

Chuck R. Pardue                                                              Shellana J. Welch
E-Mail: chuckpardue@gmail.com                          Email: Shellana.welch@gmail.com
Telephone: (706) 823-2000                                                  Facsimile: (706)722-0149

I, the undersigned, _Sherecia Willis_, employ and engage you to represent me in connection with any and all claims, which I may have against any and all persons arising out of _Medical Malpractice for my son_ ▮▮▮ ▮▮▮ ▮▮▮

C.W.

  For such professional services, I hereby agree to pay you forty (40%) percent of the gross amount you recover for me or on my behalf (which terms shall include the fair market value of any property which may be recovered), provided the case settles without a law suit being filed, the attorney's fees will be forty (40%) percent of the gross amount recovered. In the event of an appeal, the fee will be increased by an amount to be agreed upon at that time. It is understood that I will cooperate with you fully in the prosecution of my case.

  It is understood that any payment to you for such Attorney's fees is entirely contingent upon your making a recovery for me on my behalf of money or property.

  All reasonable expenses incurred by the attorney in the handling of this shall be paid and reimbursed out of the client's part of any settlement or recovery. The expenses to be reimbursed are such expenses that are necessary to process the client's claim including, without limitation, court costs, consultation fees, medical expert witnesses fees and costs, bonds, cost of records, transcripts or depositions, long distance telephone calls, duplication of records exhibits postage, travel, and parking expenses. The amounts advance by attorneys to pay reimbursable expenses as set forth above shall be paid by client within thirty (30) days of when billed or if attorney advanced said costs, will bear interest at the rate of the Bank Rate Monitor National Index for personal loans effective on the date of the initial advance.

  Attorney may, at his sole discretion and expense, associate any other attorney for representation of the client.

  You are authorized to fully investigate my claim and should you file suit or other legal proceedings on my behalf, to fully prepare and prosecute that same. If after reasonable investigation of such upon notification to me of such fact, you may withdraw from representation under this agreement.

  I further agree that from the proceed of any such recovery whether by settlement, judgment, or otherwise, you may deduct the attorney's fees to which you are entitled, and all costs and expenses which remain unpaid, and I further agree that you may deduct the amount of all unpaid bills for doctors, hospitals, and related items, making disbursements of such funds directly to them.

Signed and sealed the _23_ day of _February_ 2015.

_Cia Chase_____
Witness

_____
Client

## DISCLOSURE AND CONSENT

1. Pardue and Associates, P.C. was retained on February 23 and March 1, 2016 by Sherecia Willis for representation on a medical malpractice case due to brain injury to ███████. C.W.

2. The representation is under the terms of written agreements that provide, among other things, that the total contingent (only to be paid if attorneys are successful in obtaining a recovery) attorney fees for the services against the Federal Government (FTCA) will be 25 % of the Gross recovery paid by the Government; and against Trinity Hospital and other non-Federal Government providers 40 % of the Gross Recovery paid by those medical providers.

3. Pardue and Associates, P.C. desires to associate Tyrone Law Firm and Moore Law Firm, P.C. to represent Sherecia Willis on a medical malpractice case due to brain injury to ███████. C.W.

4. The proceeds of the attorney fee portion of the monetary recovery for this case will be paid as follows:

> Pardue and Associates. P.C., 45% of net attorney fees.

> Tyrone Law Firm, Nelson Tyrone, attorney, 45% of net attorney fees,

> Moore Law Firm, Leighton Moore, attorney, 10% of net attorney fees.

5. The payment will be at the expense of Pardue and Associates PC and the association **will not be the cause for any increase in attorney fees to Sherecia Willis.**

_Chuck R. Pardue_
Chuck R. Pardue
Attorney at Law

Dec 9, 2017
DATE

I understand that Tyrone Law Firm and Moore Law Firm, P.C. are being associated with my case and that Pardue and Associates, P.C. will pay Nelson Tyrone 45% of the attorney fees and Leighton Moore 10% of the attorney fees. I consent to the association and fee splitting.

This 9th day of December, 2017.

Sherecia Willis individually and as
next of kin of ███████. C.W.

## RELEASE AND INDEMNITY AGREEMENT

This Release, dated October _____, 2019[1], is given

**By:**   **Sherecia Willis, Individually and as Next Friend, Parent, and Natural Guardian of Minor Child, CW; Derrique Newsome; and James S. Murray, as Guardian Ad Litem for minor child CW, collectively referred to as "Releasors,"**

**To:**   **Defendants Augusta Hospital, LLC d/b/a Trinity Hospital of Augusta, Venkatesan Gorantla, MD, Augusta Physician Services, LLC, and, together with their officers, directors, servants, insurers, employees, agents, representatives, principals, attorneys, subsidiaries, affiliates, distributors, assigns, predecessors and successors in interest, collectively referred to as "Releasees."**

## 1.     General Terms and Release of Claims.

In full settlement of their claims against Releasees, including all claims against Releasees they are asserting individually and on behalf of CW, Releasors enter into this Release, as defined herein.  Releasors release and give up any and all claims and rights which Releasors may have against Releasees through the date of this Release.  The payment set out herein is specifically for damages claimed by Releasors/Plaintiff against Releasees to have been incurred from January 2016 to present related to the claims against Releasees as specified in the lawsuit captioned as follows: "*Sherecia Willis, Individually and as Next Friend, Parent, and Natural Guardian of Minor Child, CW v. United States of America, Venkatesan Gorantla, MD, Trinity Hospital of Augusta, and Augusta Physician Services, LLC.*" pending in the United State District Court – Southern District of Georgia, Augusta Division, Civil Action No. 1:17-cv-00015-JRH-BKE (hereinafter referred to as "the Action").

In addition, Releasors specifically release and forever discharge Releasees from all legal liability as set forth herein, including:

Any and all past, present and future claims, demands, actions, causes of action, verdicts, judgments and awards of every kind whatsoever for any injuries, rights, damages, costs, losses of consortium, loss of services, hospital, medical, drug, physical therapy, and all other expenses and compensation of any nature whatsoever, including wrongful death claims, whether based on a tort, contract, or other theory of recovery, which the Releasors now have, or which may hereafter accrue or otherwise be acquired, on account of the alleged injuries of Releasors and/or CW (including the associated risks, natural progression, consequences, future manifestation and treatment, including but not limited to surgery, of all such injuries and conditions, and the fear of same, and loss of consortium), along with any injuries or conditions to Releasors; damages, costs, expenses, attorneys' fees, contribution, indemnity, reimbursement and compensation of any kind, now existing, or which may hereafter arise, including death, whether known or unknown, including without limitation, all claims arising from or out of the events alleged to have occurred from

---

[1] Dated as of the date of last signature to Release and Indemnity Agreement.

EXHIBIT C

January 2016 forward, including, but not limited to, all claims asserted or that could have been asserted against Releasees in the Action (including claims alleged in Plaintiff/Releasors' Complaint).

Releasors agree to a stipulation of dismissal with prejudice of the Action against Releasees. Releasors also agree that they will not commence, prosecute against the Releasees or any agent, employee or insurer of Releasees any action or other proceeding based upon any claims, demands, actions, causes of action, obligations, liabilities or damages herein released.

## 2.    Payment.

In consideration for this Release, Releasors have agreed to accept from Releasees the amount of Three Million Five Hundred Fifty Thousand Dollars ($3,550,000.00), specifically for all damages/injuries claimed to have occurred January 2016 to present related to claims against Releasees as specified in the Action, including but not limited to those alleged in the Complaint. The payment shall be in a form and manner directed by Releasors, i.e. structured settlement, Special Needs Trust, one or more annuities, lump sum, or otherwise.  This payment is also in consideration, however, for all other provisions agreed upon herein.  It is agreed and understood that payment is being made by Community Health Systems, successor in interest of Augusta Hospital LLC, on behalf of Defendants Augusta Hospital, LLC d/b/a Trinity Hospital of Augusta, Venkatesan Gorantla, MD, and Augusta Physician Services, LLC.  It is further agreed and understood that of this amount, One Hundred Dollars ($100.00) is the consideration paid for the confidentiality portion of this agreement as is further set forth in Paragraph No. 12 of this Release.

## 3.    Warranty Regarding Liens and Medicare/Medicaid

Releasors expressly warrant and covenant that there are no medical, governmental, attorneys' fees or professional services claims arising out of the injuries claimed in the civil actions referenced above which might be asserted against the Releasees, or any other liens (hereinafter collectively referred to as "Liens") on any recovery in the civil actions. Alternatively, Releasors warrant and covenant that any such Liens will be satisfied from the proceeds of this settlement and further warrant and covenant that such Liens are subject to the indemnification provisions contained herein. The Releasors warrant and covenant that any trust created with proceeds of this settlement shall specifically provide that the trust is authorized and required to pay any such present or future liens.

The Releasors represent that they have given consideration to Medicaid/Medicare's interests, if any, pursuant to the Medicaid/Medicare Secondary Payer Act and hereby certify that they have adequately considered the interests of Medicare and Medicaid in consummating this Agreement. The Releasors further certify that this settlement is not an attempt to shift a healthcare burden to Medicare and Medicaid. The Releasors expressly acknowledge that they have an independent legal obligation under 42 C.F.R. § 411.24(h), as currently in effect or hereinafter

modified, to satisfy any Medicare lien or interest, which the Releasors agree is their sole and separate obligation, should any such lien or interest exist. The Releasors undertake this obligation willingly and acknowledge that the Releasees entered into this settlement in reliance and based upon the Releasors' assumption of this obligation. Further, the Releasors agree that any claims arising out of any stated interest by Medicare and/or Medicaid in this settlement are likewise subject to the indemnification provisions contained herein and in Paragraph 4.0 regarding indemnification, above.

The above Medicare provisions are included in this Settlement Agreement for Releasees' protection and does not shift the responsibility of determining whether Medicare has any past, present, or future interest in the settlement, or of ensuring that such interest is satisfied, to Releasees; rather, Releasors and their attorneys acknowledge that all Medicare issues, to the extent any are implicated by this settlement, are their sole responsibility except for any notice requirements placed upon Releasees by statute. As part of this settlement, Releasors agree to INDEMNIFY AND HOLD HARMLESS Releasees from and against any Medicare claims related to the aforesaid incident or the Lawsuit, including but not limited to conditional payments made by CMS on Releasors' behalf; future injury-related care for which CMS proves the burden to pay shifted to Medicare; or for any other reimbursement obligations arising under 42 U.S.C. 1395y(b) and its associated regulations. As used in this paragraph, Medicaid/Medicare includes Peachcare.

All parties to this agreement expressly acknowledge that the consideration described herein is the product of mutual and significant compromise and as a result, the amount of consideration does not make the Releasors whole or completely compensate them for all economic and noneconomic losses.

## 4.    Resolution and Other Liens.

To the extent that there are any legally valid liens or subrogation claims of any kind with respect to this Action, Releasors covenant to pay and satisfy such liens or claims, including, without limitation, any workers' compensation liens, health insurance liens, Medical Care Recovery Act liens, Social Security liens, no-fault liens, PIP liens, attorney's liens, and any liens or claims claimed by any healthcare provider, hospital, ambulance service, other medical provider, ERISA plan, Medicare or Medicaid.  Releasors agree to indemnify, defend and hold Releasees harmless for any claim, loss or payment Releasees may suffer, including judgments, verdicts, awards, penalties, settlements, attorney's fees and costs, that arise out of Releasors and/or Releasors' attorneys' failure to satisfy any and all liens or claims.

## 5.    Hold Harmless and Indemnity Agreement.

In consideration of the aforesaid payment, Releasors and their beneficiaries, heirs,

successors, insurers and assigns, have agreed to and do hereby DEFEND, INDEMNIFY and HOLD RELEASEES HARMLESS from and against any and all further payment of damages, debts, liens, charges and expenses of any kind, including attorney's fees and costs, that may result from any claims, demands, injuries, losses, actions, derivative claims, or other causes of action of whatever nature or character.  This hold harmless and indemnity agreement includes, but is not limited to, subrogation and lien claims arising out of contract or state or federal law that any persons (third-parties, firms or corporations including but not limited to Releasors' healthcare providers, insurance carriers, state worker's compensation, and any federal agency or programs such as Tricare, Medicare, Medicaid or Social Security), may hereafter assert by, through, under, or however associated with the Releasors' claim that is the subject of this Release.  Releasors acknowledge that these claims are their sole obligation and expressly agrees to pay or otherwise resolve all such claims.  Releasors further agree to and covenant to defend, indemnify and hold Releasees harmless from and against all such lien(s) and subrogation claim(s) brought against Releasees.

Should any third-party make any claim against Releasees related to the injuries described in this Release or should any third-party seek to recover monies arising out of any lien, claim or subrogation, including recovery under 42 U.S.C. § 1395y(b), Releasor shall, upon reasonable request, cooperate and assist Releasees so as to resist or defend such claim.

**6.     No Admissions of Liability**.

Releasors agree that by settling this Action, no party shall be deemed to have admitted liability or fault with respect to the alleged medical care or other event/circumstance giving rise to the Action or any issues related to the Action.

**7.     Binding Agreement**.

Releasors and Releasors' attorneys are bound by this Release.  Anyone who succeeds to Releasors and Releasors' attorneys' rights and responsibilities is also bound.  This Release is made for Releasees' benefit and all who succeed to Releasees' rights and responsibilities.

**8.     Governing Law.**

Any issue concerning the interpretation of this Release or its effect upon the parties hereto shall be governed by the law of the State of Georgia.

**9.     Complete Agreement.**

Releasors and Releasors' attorneys understand and agree that this is the complete

agreement between the parties, and that there are no written or oral understandings, agreements or terms directly or indirectly connected with this Release that are not expressly incorporated within this Release.

**10.     Severability.**

In the event that any provision of this Release is found to be unlawful or unenforceable, the remaining provisions shall remain in full force and effect

**11.     Confidentiality Agreement.**

The parties to this Release, including Releasors' attorneys and Releasors, further understand and agree that the terms and conditions of this settlement, including the  sum paid to Releasors by Community Health Systems, successor in interest of Augusta Hospital LLC, on behalf of Defendants Augusta Hospital, LLC d/b/a Trinity Hospital of Augusta, Venkatesan Gorantla, MD, and Augusta Physician Services, LLC, and under the terms of this Release, and any communications between the parties hereto and their attorneys concerning the Release and the negotiations thereof (the "Confidential Information"), are confidential and the confidentiality of the Release is a material inducement to each party in the making of this settlement.  The parties further agree that the fact that the matter settled is itself confidential.  If asked the status of the Action the parties shall simply state that the case has been amicably resolved among the parties. Therefore, the parties, including Releasors' attorneys, agree that neither they nor their executors, administrators, officers, employees, attorneys, agents, insurers  and/or assigns will directly or indirectly publish, discuss or otherwise disclose the Confidential Information, except: (1) as necessary to obtain court approval of this settlement or as authorized or directed by a court order from a court of competent jurisdiction; (2) to the parties' respective attorneys, accountants, auditors, tax advisors, financial planners, insurers and reinsurers; (3) in an action to enforce the terms of the settlement; (4) pursuant to written agreement between and among the parties; (5) to governmental regulatory authorities; and/or (6) as otherwise required by law.  Further, the parties acknowledge, agree and stipulate that any disclosure of the Confidential Information will constitute a breach of the Confidentiality Agreement.

It is specifically agreed to by the parties that the fair consideration for this confidentiality agreement is One Hundred Dollars ($100.00), which is included in the total settlement amount of Three Million Five Hundred and Fifty Thousand Dollars ($3,550,000.00) paid by Community Health Systems, successor in interest of Augusta Hospital LLC, on behalf of Defendants Augusta Hospital, LLC d/b/a Trinity Hospital of Augusta, Venkatesan Gorantla, MD, and Augusta Physician Services, LLC, as set forth in Paragraph No. 2 above.

**12.     Signature.**

Releasors hereby acknowledges that Releasors have read this Release, consisting of nine (9) pages, are of legal age and competent to understand and enter into this Release, are not under any restraint or duress, and have conferred with legal counsel. Releasors understand that by executing this Release, Releasors and Releasors' attorneys have released Releasors and Releasors' attorneys' legal rights against Releasees as stated herein, understand its terms, and agree to the terms of this Release.

*[Signatures on the following page.]*

_____
**Sherecia Willis, Individually and as Next Friend, Parent, and Natural Guardian of Minor Child, CW**
*Releasor-Plaintiff*

SWORN TO AND SUBSCRIBED
before me this ____ day of October 2019.

_____
Notary Public
My Commission Expires: _____

_____
**Derrique Newsome, Individually and as the Natural Parent of the Minor Child C.W.**
*Releasor*

SWORN TO AND SUBSCRIBED
before me this ____ day of October  2019.

_____
Notary Public
My Commission Expires: _____

_____
**James S. Murray, as Guardian Ad Litem for minor child CW**
*Releasor*

SWORN TO AND SUBSCRIBED
before me this _____ day of October 2019.

_____
Notary Public
My Commission Expires: _____

The undersigned agrees to be bound by the Confidentiality Agreement contained above in Paragraph No. 12 of this Release.

*Attorneys for Releasors and Plaintiff*

Date:_____          By: _____

Chuck Pardue, Esq.
PARDUE AND ASSOCIATES, P.C.
211-A Bobby Jones Expressway
Martinez, GA 30907

Nelson O. Tyrone, Esq.
TYRONE LAW FIRM
1201 Peachtree St., N.E., Ste. 2000
Atlanta, GA 30361

 Leighton Moore, Esq.
THE MOORE LAW FIRM, P.C.
100 Peachtree St., Ste 2600
Atlanta, GA 30303

CONFIDENTIAL
SETTLEMENT DISBURSEMENT STATEMENT

*Case: Willis v. USA, et al.*

| DESCRIPTION | | AMOUNT |
|---|---|---|
| SETTLEMENT - Trinity Hospital of Augusta | | $ 3,550,000.00 |
| | | $ 1,420,000.00 |
| LESS ATTORNEY'S FEES (40% of Hospital Settlement) | | |
| Tyrone Law Firm | $ 639,000.00 | |
| Pardue and Associates, P.C. | $ 639,000.00 | |
| The Moore Law Firm, PC | $ 142,000.00 | |
| *LESS LITIGATION EXPENSES: | | $ 153,046.16 |
| Tyrone Law Firm | $ 93,651.91 | |
| Pardue and Associates, P.C. | $ 58,129.00 | |
| The Moore Law Firm, PC | $ 1,265.25 | |
| **LESS FUNDS HELD FOR ADDITIONAL EXPENSES: | | $ 30,000.00 |
| NET TO CLIENTS TO BE PAID AS FOLLOWS: | | **$1,946,953.84** |

| | | | |
|---|---|---|---|
| 1. | **TO SHERECIA WILLIS AND DERRIQUE NEWSOME (10%):** | $ 194,695.38 | |
| 2. | **TO SPECIAL NEEDS TRUST (90%):** | **$ 1,752,258.46** | |

The undersigned accept the above disbursements acknowledging the same to be true and correct and give Nelson Tyrone the authority to deposit the settlement drafts received into an escrow account and make the disbursements from that account as set forth above.

*The expenses totaled here represent half of the total expenses in this case. The remaining expenses will be reimbursed from the settlement/recovery from the United States.

**There may be outstanding expenses that have not been received by the attorneys as of the date of the settlement statement. Therefore, $30,000.00 is being held in escrow for at least one hundred and twenty (120) days to pay for these costs and expenses. Any balance remaining will be disbursed to SHERECIA WILLIS AND DERRIQUE NEWSOME.

# EXHIBIT D

The undersigned clients have made their own independent decision about how to invest their settlement funds in consultation with their personal advisors. The undersigned clients acknowledge that attorneys are not financial professionals and that the undersigned attorney has made no suggestion or representation whatsoever as to any investment option being the proper investment to be made by them.

The undersigned clients further acknowledge that the settlement of all claims is confidential, and the amount of the settlement must not be discussed with anyone other than their attorneys or financial advisors.

This the __1__ day of __October__, 2019.

SHERECIA WILLIS, Individually and as
parent and natural guardian of ████ C.W.

DERRIQUE NEWSOME, Individually and as
parent and natural guardian of ████ C.W.

James Murray, as Guardian Ad Litem
for ████ C.W.

TYRONE LAW FIRM

Nelson O. Tyrone, III

CHUCK PARDUE AND ASSOCIATES, P.C.

Chuck Pardue

THE MOORE LAW FIRM, PC

Leighton Moore



**GEORGIA DEPARTMENT**
**OF COMMUNITY HEALTH**

---

rian P. Kemp, Governor                                    Frank W. Berry, Commissioner

2 Peachtree Street, NW | Atlanta, GA 30303-3159 | 404-656-4507 | www.dch.georgia.gov

---

September 06, 2019

PEGGY CHEESBOROUGH
PARDUE & COSKREY, LLC
211 BOBBY JONES EXPRESSWAY, SUITE B
MARTINEZ, GA 30907

RE: Medicaid Member:          █████████ C.W.
Case No:                      192085/0000294755
Date of Accident/Injury:      02/01/2016
Policy and/or Group:          /
Claim Number:
Insured:

Dear PEGGY CHEESBOROUGH:

This letter will confirm that current records of the Georgia Department of Community Health (DCH) do not indicate any payments have been made for accident - related services rendered to the above referred.

If you have any questions or need further assistance, please call me at 678-564-1163. If you need to make contact via mail or fax, please use this address:

Casualty Unit
900 Circle 75 Parkway
Suite 650
Atlanta, GA 30339
Fax: 855-467-3970

Sincerely,
Jessie Mack
Subrogation Unit

# EXHIBIT E

---

Healthcare Facility Regulation | Medical Assistance Plans | State Health Benefit Plan | Health Planning

Equal Opportunity Employer



**U.S. Department of Veterans Affairs**

Veterans Health Administration
Chief Business Office Purchased Care

VHA OFFICE OF COMMUNITY CARE
PO Box 469062
Denver, CO  80246-9062

September 4, 2019

PARDUE & COSKREY, LLC.
211 BOBBY JONES EXPRESSWAY, SUITE B
MARTINEZ, GA  30907

FAX:706-722-0149

Re: ▮▮▮▮▮▮▮▮▮▮ C.W.
Date of Injury: 02/01/16
Ref: **HAC 19 1502**

Dear Peggy Cheesborough:

In regards to your **August 26, 2019** letter to our office, to date we have not posted any paid claims related to ▮▮▮C.W.▮▮▮ injury. Our records indicate we have not paid for injury related services received from **02/01/16** to **09/04/19** and we do not have an outstanding lien against him regarding the aforementioned injury. *Prior to settlement, please contact our Third Party Liability Division so we can verify if there are any paid medical claims after the date of this letter. Please note providers have one (1) year to file claims for payment with CHAMPVA.*

If we may be of further assistance, or you have any questions concerning this matter, please feel free to contact **Vickie Bailey at 303-372-3619.**

Sincerely,

Stuart Tay    Digitally signed
              by Stuart Tay
123478        123478
              Date: 2019.09.04
              11:29:49 -06'00'

Stuart Tay, Supervisor Team B
Debt Collection Unit and
Third Party Liability

EXHIBIT F